A. T. SPRINGER *et al. v.* WM. SMITH.

3L 737
9L 33

EXECUTION. *Levy. Legal title.* C., as a creditor, redeemed land sold by a trustee. After redemption, but before conveyance to C. by trustee, S. levied an execution against C. thereon. Held, the legal title not being in C. at the time of levy, no lien was thereby acquired.

FROM LAWRENCE.

Appeal in error from the Circuit Court of Lawrence county.    J. V. WRIGHT, J.

ROSE & TINNON for Springer.

G. T. HUGHES for Smith.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of ejectment brought by Smith against plaintiffs in error, who are heirs at law of Jacob Springer, deceased.    Verdict and judgment were for plaintiff below, and defendants have appealed. Smith had judgments before a justice of the peace against W. B. Chaffin for about $800, and had executions issued and levied in October, 1865, upon the land in controversy, and papers returned to the circuit court for condemnation.    Learning soon after the levy that the title to said land was not in Chaffin, and that his brother was tenant in common of the land with him, Smith, in March, 1866, filed his bill against said Chaffin and his brother.

47—VOL. 3.

At the November term, 1871, a decree was pro-
nounced in this cause declaring Smith, by the levy of
his executions, had acquired a lien upon an undivided
half of said land, and directing the sale of Chaffiin's
half. This sale was ordered at the February term,
1874, and the land sold in March, 1874, and Smith
became the purchaser, and the clerk and master exe-
cuted to him a deed in March, 1876, and this suit
was instituted in March, 1877.

In the meantime, on the 19th of December, 1865,
both the Chaffins sold and executed to Jacob Springer,
ancestor of plaintiffs in error, a deed for the land.
So it appears that between the time of the levy of
Smith's execution on the land and the time of filing
his bill, the Chaffins had made their deed to Springer,
which was duly registered.

At the time of the levy of Smith's execution the
title to the land was in one Caleb B. Davis, trustee.
The land had been conveyed to Davis in trust by one
King, in 1861, to secure debts to Miles Bentley. It
was sold, purchased by Bentley, and ultimately re-
deemed by the Chaffins in 1863 as creditors of King,
but they took no conveyance from the trustee who
held the legal title until November 17, 1865, and
Chaffin, as before stated, then conveyed to Springer
on the 19th of December, 1865.

Upon these facts the court charged ·the jury that
plaintiff claimed title under a levy on the land and
condemnation thereof, and certain proceedings thereun-
der in chancery, and tells them that although as a
general rule the execution can only be levied on the

legal title, still if all the money due upon the mortgage debt was in fact paid, the execution might be levied on the land.

Where it is stipulated in the mortgage or deed of trust that the conveyance is to be void upon payment of the debt secured to the mortgagor, it has been held that the legal title reverts to him who conveys, upon the happening of that event. But Chaffin never owned this land, or had any conveyance for it, until Davis conveyed it him in November, 1865. Having paid the redemption money, he had the right in equity to compel its conveyance. But he had no legal title thereto when it was levied on, and the levy of the execution thereon created no lien. We think, therefore, his Honor erred in charging the jury as indicated above.

The statute of limitations, or adverse possession, was relied upon by the defendants below. And we think the Circuit Judge also erred in his charge upon this point. He stated to the jury that plaintiff's right to sue did not accrue until his purchase at chancery court sale, and the confirmation of said sale, and that prior to that time the statute of limitations would not begin to run.

For these errors the judgment must be reversed and a new trial granted.